Fecteau, J.
This matter came on for hearing on March 29, 1999 on the plaintiffs application for a preliminary injunction seeking to restrain the defendants from requiring the registration of the plaintiff as a sex offender under G.L.c. 6, Sec. 178E, and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
1. Failure to issue the preliminary injunction will likely subject the moving party to a substantial risk of irreparable harm, i.e., loss of privacy rights not capable of remediation by a final judgment in law or equity should the moving party prevail after a full hearing on the merits.
2. There is a likelihood that the moving party will not be successful after a full hearing on the merits in light of the nature of the underlying offenses.
3. The granting of the preliminary injunction will likely create a substantial risk of irreparable harm to the party opposing the issuance of the injunction, in that there is a risk of reoffense with resulting harm to innocent members of the public.
4. There is a likelihood that the party opposing the issuance of the injunction will be successful after a full hearing on the merits.
5. The court concludes that the risk of irreparable harm to the moving party, viewed in the light of that parly’s chances of success on the merits of the case, does not outweigh the probable harm to the opposing party, viewed in the light of that party’s likelihood of prevailing on the merits of the case.
6. The granting of the preliminary injunction will not best serve the public interest.
7. Accordingly, based upon the foregoing findings of fact and rulings of law, the application for the entry of the preliminary injunction is DENIED. Furthermore, since the plaintiffs complaint is entitled “Complaint for Preliminary Injunction” and since the relief prayed for is to restrain registration under the Sex Offender Registration and Notification Act and that such relief is not being granted, the court deems its action hereon to be dispositive of the case and therefore orders that the plaintiffs complaint be DISMISSED.
8.The following particularized findings and rulings are appropriate to the instant matter:
a. the preliminary relief sought was denied in part on the basis that the board represented that there shall be no public dissemination beyond that called for in “level one” classifications prior to an adjudicatory hearing pursuant to G.L.c. 6, Sec. 178M, as interpreted by Doe, Sex Offender Registry Board No. 972 v. Sex Offender Registry Board, 428 Mass. 90 (1998).
b. the facts of the underlying sexual offenses as reported in the sanitized witness statements submitted by the board in opposition to the plaintiffs motion present a significantly different case than that of Doe v. Attorney General, 426 Mass. 136 (1997), where the concern was to the risk of harm to the privacy interest of an offender whose offense upon an adult presented a real question as to his risk of danger to children. Here, the plaintiffs offenses were committed upon multiple children.